CULPEPPER, Judge.
Mr. and Mrs. Norris seek damages resulting from a one car accident. Mrs. Norris was driving. She lost control and struck the side of a bridge. She contends the steering mechanism failed. Named as defendants are: (1) Lafayette Motor Company, Inc. who had loaned the automobile to plaintiffs while theirs was being repaired; and (2) Chrysler Motors Corporation, the manufacturer of the automobile involved in the accident. The district judge found plaintiffs failed to prove that the steering mechanism failed. From a judgment dismissing their suit, plaintiffs appealed.
The general facts are that plaintiffs had purchased a new automobile from Lafayette Motor Company. Four or five days before this accident, they took their new car to Lafayette’s shop for repairs. Lafayette loaned plaintiffs a 1967 Dodge Coronet. Mrs. Norris was driving the Dodge across a long narrow draw bridge. She lost control, and the vehicle struck the side of the bridge, causing the injuries complained of.
*382 Plaintiff testified she had almost completely crossed the bridge when: “I heard a noise and I didn’t have any more steering.”
A police officer who investigated the accident testified he looked under the automobile and saw that a piece of the steering mechanism was missing. He also said that he found on the bridge what appeared to be a piece of the tie-rod or steering arm, which had fallen off of the vehicle.
Mr. Lenest Istre, former owner of the Dodge, testified he had trouble with the steering mechanism. His testimony in this regard is corroborated to a degree by a work order of Lafayette Motor Company, Inc., which shows he requested them to check the steering, along with other repairs.
Defendants introduced the testimony of two insurance appraisers who examined the vehicle after the accident. Both stated that no part of the steering mechanism was missing. They said the only thing wrong with the steering was a fresh, clean break in the sector shaft.
The automobile mechanics who repaired the vehicle testified to the same effect, i.e., that no part of the steering mechanism was missing and the only thing wrong was that the sector shaft was broken.
Based on the testimony of these witnesses, defendants contend that while crossing this long narrow bridge, which was wet and slippery at the time, plaintiff must have lost control, and the vehicle struck the side of the bridge. The theory of the defense is that the impact caused the fresh, clean break in the sector shaft.
The issues are factual and depend largely on the credibility of the witnesses. Apparently, the trial judge chose to believe the witnesses for the defense. We find no manifest error in his decision.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.